MARY HINES, PLAINTIFF IN ERROR, v. THE STATE, DEFENDANT IN ERROR.

1. The act respecting writs of error (*Rev., p* 373) extends to all causes, whether civil or criminal, unless otherwise specified.
2. The seventh section of that act applies only to writs of error brought to review judgments rendered in the Supreme Court, the Circuit Courts and Courts of Common Pleas.
3. It is the duty of plaintiff in error to procure the writ of error to be promptly returned, whether the cause be civil or criminal, and whether embraced in said seventh section or not; and for default in that respect the writ may be dismissed, without the defendant's ruling the plaintiff to procure the return.

On error to the Supreme Court.

For the plaintiff in error, *Linton Satterthwaite.*

For the state, *Bayard Stockton, Prosecutor of the Pleas.*

The opinion of the court was delivered by

DIXON, J. This writ of error brings up a final order of the Supreme Court, by which a writ of error, sued out of that court to reverse a judgment of the Mercer Quarter Sessions, was dismissed for want of prosecution.

In the Sessions the plaintiff in error had been convicted of a misdemeanor, and on July 26th, 1890, she presented a writ of error returnable to the Supreme Court at the November Term, 1890; no return being made, the Supreme Court, in the February Term, 1891, ordered the writ of error to be dismissed for the *laches* of the plaintiff.

The only ground on which the plaintiff questions the propriety of this order, is a denial that it was her duty to procure the due return of the writ; if it was her duty, her neglect is conceded.

In the opinion of the Supreme Court this duty was predicated upon the seventh section of the act respecting writs of error (*Rev., p.* 373), as well as upon the practice of the court,

and it is chiefly against such a construction of this section that the argument of plaintiff's counsel before us was directed.

The construction adopted below is scarcely admissible.    Its impropriety does not arise from the inapplicability of the statute generally to writs of error in criminal cases, for we agree with the view expressed in *State* v. *Holmes*, 7 *Vroom* 62, touching the act of which the present statute is mainly a transcript, that it extends to all causes, whether civil or criminal, unless otherwise specified.    But the seventh section does not apply to a writ of error removing a judgment from the Quarter Sessions, because by its words, " the said record " and " the said justices or judges," the section is limited to judgments rendered in the Supreme Court, the Circuit Courts and the Courts of Common Pleas.

The order of dismissal was, however, warranted by the practice of the court, which, so far as it is consistent with legal rules and aids in the administration of justice, is a part of the law of the land.    *Ogden* v. *Robertson*, 3 *Gr.* 124.

From very early times the non-return of a writ of error has been considered *prima facie* a fault of the plaintiff, in criminal as well as in civil causes.    Thus, Lord Hale, in 2 *Pleas of the Crown* 213, speaking of criminal cases, says: "And so note a difference between a writ of error and a *certiorari*.    The former is a *supersedeas* to the issuing of execution from the time of the delivery of the writ till the day of the return be past, but, then, if the plaintiff proceed not to the removal of the record, execution shall be granted for his delay ; but a *certiorari* is a *supersedeas* from the time of the delivery thereof forever, unless a *procedendo* issue."

In the books relating to civil practice in England it is laid down that, for this delay, the plaintiff will not be non-prossed, unless the defendant has served him with an eight-day rule requiring him to cause the record to be certified and returned ; but if the plaintiff fail to comply with such rule, a non-pros may be entered.    2 *Saund.* 101 *n.; Tidd* 1088, 1091 ; *Arch. Pr.* 498.    There is no reason for thinking that the same practice did not prevail in criminal causes ; indeed, both Saunders

and Archbold imply that it did; for they mention some differences existing in cases of treason and felony, while they speak of the practice on this point as though it were uniform. Certainly in this state the practice upon writs of error in criminal causes, when allowed, has long been substantially the same as in civil causes. Even in felonies, where the rules of the common law necessitated some difference, the rules being now abrogated, the divergence has disappeared. *Donnelly* v. *State,* 2 *Dutcher* 463; *S. C.,* 2 *Id.* 601.

There is no doubt that it is the duty of the plaintiff in error in a criminal cause to procure a timely return of the writ.

Nor is it required by our practice that the defendant should rule the plaintiff to procure the return, before he can be non-prossed. The old English practice of ruling a party to take each step which it was his duty to take in the progress of a cause, before visiting him with the consequences of default, has with us largely fallen into disuse, as one tending merely to delay and expense. If more time is needed than the usual course of procedure affords, it is obtained either on the application of the party failing, or on the motion of his adversary, to take advantage of his default.

For the default in the present case no excuse was offered, and the order of dismissal was therefore right, and should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, MAGIE, REED, BOGERT, BROWN, CLEMENT, KRUEGER, SMITH. 11.

*For reversal*—None.